COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


WESTVACO CORPORATION
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0697-98-2          JUDGE MARVIN F. COLE
                                         APRIL 27, 1999
HAYWOOD J. SWEARINGEN


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Kathryn Spruill Lingle (Brenner, Dohnal,
          Evans & Yoffy, P.C., on brief), for
          appellant.

          Robert L. Flax (Flax, Billy and Stout, on
          brief), for appellee.


     Westvaco Corporation ("employer") appeals a decision of the

Workers' Compensation Commission ("commission") awarding

compensation to Haywood J. Swearingen ("claimant").  Employer

contends that the commission erred in (1) calculating claimant's

average weekly wage by relying upon Employer's First Report of

Accident and determining claimant's reduction in overtime from

that document; (2) finding that claimant proved that he sustained

a change-in-condition causally related to his compensable March 3,

1986 and March 28, 1995 injuries by accident; and (3) ordering

that the case be remanded to the deputy commissioner if the

parties failed to file supplemental memoranda of agreement when

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

claimant's evidence failed to establish his entitlement to continuing compensation benefits.  Finding no error, we affirm.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that Employer's First Report of Accident ("EFR") with respect to claimant's March 3, 1986 injury by accident, filed with the commission on June 9, 1986, reflected that claimant earned $8.60 per hour, or the equivalent of $344.00 for a forty-hour week.  In their Memorandum of Agreement filed with the commission on August 11, 1986, the parties stipulated that claimant earned a pre-injury average weekly wage ("AWW") of $497.10, with respect to his March 3, 1986 injury by accident.  Subsequently, the commission awarded claimant compensation benefits based upon the $497.10 AWW.

Based upon the discrepancy between the EFR and the parties' stipulated AWW, the commission, in its March 5, 1998 opinion, inferred that claimant lost $153.10 per week in overtime (nine to twelve hours) due to his March 1986 compensable injury.

The EFR with respect to claimant's March 28, 1995 injury by accident, filed by employer with the commission on August 18, 1995, reflected that claimant earned $10.64 per hour, equivalent to $425.60 per forty-hour week.  The EFR also showed that claimant earned $755.44 per week, including overtime.  At later hearings,

including the May 1997 hearing, the parties stipulated that claimant earned a pre-injury AWW of $755.44.

Based upon this evidence, the commission, in its March 5, 1998 opinion, inferred that claimant lost $329.84 in overtime (fifteen to twenty hours per week) due to his March 1995 compensable injury.

Pursuant to Code § 65.2-900, employer was required to file with the commission an EFR when claimant was injured in the course of his employment. Employer did so for claimant's March 3, 1986 and March 28, 1995 industrial accidents. Because the reports were filed by employer in compliance with its statutory duty, the commission was entitled to consider those reports as accurate recitations of claimant's AWW. In fact, employer did not dispute the accuracy of the reports before the commission.

Thus, the commission did not abuse its discretion in considering the EFRs, in conjunction with the parties' stipulations and other credible evidence, in determining claimant's AWW. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

II.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol

Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Claimant filed an application alleging a change-in-condition and seeking temporary partial disability benefits beginning May 1, 1996 on the ground that he had not been able to work the same number of hours because of restrictions imposed upon him due to his compensable injuries. The commission ruled that claimant proved that he was entitled to temporary partial disability for his reduced earnings, as compared to his pre-injury AWW, for the March 28, 1995 left wrist injury. The period of disability was from May 1, 1996 to August 11, 1996.

Credible evidence supports the commission's findings. The medical records proved that on May 1, 1996, Dr. Arthur Ryan, claimant's treating physician, restricted claimant to regular duty, limited to eight hours per day, forty hours per week, as a "permanent accommodation" due to his left wrist injury. In his May 9, 1997 interrogatory answer, Dr. Ryan confirmed that his treatment of claimant was for the compensable work injuries of March 3, 1986 and March 28, 1995 and that claimant was limited to work of eight hours per day as a result of those injuries. Dr. H.I. Sayed released claimant to "regular work" on July 23, 1996. Based upon this evidence of the "permanent restrictions" imposed both before and after July 23, 1996 by the treating physicians, the commission could reasonably conclude that "such releases to 'regular work' were releases subject to those restrictions."

- 4 -

Furthermore, credible evidence, including claimant's testimony and the EFR, established that claimant worked overtime hours before his March 1995 compensable injury. The issue in this case was whether claimant proved that he sustained a wage loss as a result of Dr. Ryan's reduction in his work hours after May 1, 1996 due to his compensable injuries. Dr. Ryan's medical evidence clearly proved that after May 1, 1996, claimant was restricted from working in excess of eight hours per day, five days per week, due to his compensable injuries. Wage records submitted by claimant showed that he earned $7,441.43 between April 29, 1996 and August 11, 1996. Based upon claimant's stipulated pre-injury AWW of $755.44, the commission could reasonably infer that claimant sustained a loss in earnings due to his injury of $3,889.87, equivalent to a loss of $259.32 per week.[1] Because credible evidence supports the commission's finding that claimant proved he sustained a wage loss between May 1, 1996 and August 11, 1996 attributable to his compensable injuries, we are bound by that finding.

Employer argues that the evidence showed that before May 1, 1996, claimant was not earning at or above his pre-injury AWW. That argument is irrelevant because that period of time was not before the commission for consideration. It makes no difference

---

[1]The stipulated pre-injury AWW of $755.44 multiplied by fifteen weeks equals $11,333.60, the earnings possible based on pre-injury AWW, minus $7,441.43, claimant's actual earnings, equals lost earnings of $3,889.87.

whether claimant sustained a wage loss before May 1, 1996, because he did not make a claim for benefits for that period of time.  The only issue before the commission was whether claimant sustained a reduction in his pre-injury wages after May 1, 1996 due to his compensable injuries.

Moreover, employer did not argue before the commission that it erred in finding that claimant's post-May 1, 1996 disability was due, at least in part, to his March 28, 1995 left wrist injury.  The only argument presented by employer to the commission concerned whether claimant had proved a loss of overtime earnings after May 1, 1996.  Accordingly, we are barred from considering employer's arguments on appeal regarding the cause of claimant's post-May 1, 1996 disability.  See Rule 5A:18.

III.

Claimant produced before the commission some information regarding his actual earnings subsequent to August 11, 1996.  However, due to a discrepancy in claimant's hourly rate as revealed in those records, the commission determined that it could not ascertain the exact wage loss after August 11, 1996.  As a result, in the body of its opinion, the commission stated as follows:

> [B]ecause insufficient wage and salary information has been provided, we can award compensation at this time only through August 11, 1996.  The parties are encouraged to submit a Memorandum of Agreement to supplement the Award we make here, and to submit quarterly Memoranda thereafter for so

- 6 -

long as benefits are due and owing, pursuant to which the Commission shall enter appropriate awards consistent with such agreements. If no Memorandum is forthcoming within thirty (30) days of the date of this Opinion, the case will be REMANDED to the Deputy Commissioner to compel the production of actual earnings information from the employer, after which he shall enter an award of benefits beginning August 12, 1996 and continuing thereafter until conditions justify a change.

Employer contends that the commission abused its discretion in ordering a remand, and, thereby, relieving claimant of his burden of proof.

Our review of the commission's opinion reveals that it did not incorporate in its "Award" any of the language contained in the opinion encouraging agreements or specifying a remand. The award only provided for "compensation of $172.88 per week, payable during temporary partial disability from May 1, 1996 to August 11, 1996." The award did not order a remand. Accordingly, we will not address this issue on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.